UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAIR MATTHEW BOWMAN,
and BARRIE LYNN BOWMAN,

       Plaintiffs,

v.                               Case No. 05-74783
                                Hon. Victoria A. Roberts

NOVI HOTEL CORPORATION,
a foreign corporation,

       Defendant.
_____/

## **ORDER**

      This matter is before the Court based on Plaintiffs' objections to notice of removal (Doc. #4), which will be treated as a motion to remand. On December 16, 2005, the Defendant removed this action from Oakland County Circuit Court. The Plaintiffs filed objections to the removal on January 9, 2006.

      The Plaintiffs allege a lack of subject matter jurisdiction because in their view, the claims do not meet the amount in controversy requirement for diversity jurisdiction. *See* 28 USC §1332. The Plaintiffs allege breach of fiduciary duty for alleged self-dealing. They claim in their objections that they cannot now determine if the damages will be more than $75,000; they are waiting on several documents requested from the Defendant.

      The defendant must establish, by a preponderance of the evidence, that there is federal jurisdiction for removal. *Gafford v. General Electric Company*, 997 F.2d 150,

155 (6th Cir. 1993).  In its response to the Plaintiffs' objections, the Defendant attaches a letter from the Plaintiffs to the Defendant requesting production of documents regarding loans made by the Defendant.  The letter also stated "[a]fter our review of the limited information we have received, [the Plaintiffs] are willing to provide a release of claims, dismissing the pending lawsuit, and sell their interest in this partnership for $650,000."  *See* [Plaintiffs' Objections, Exhibit A, p. 6] and [Defendant's Response, Exhibit D, p. 3].

"A settlement letter is relevant evidence of the amount in controversy..."  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  As part of a settlement demand, the Plaintiffs requested well over the $75,000 required to establish diversity jurisdiction.  In addition, the Plaintiffs concede the amount in controversy could be over $75,000.  [Plaintiffs' Objections, ¶8].  Therefore, it is more likely than not that the amount in controversy exceeds $75,000 and diversity jurisdiction is proper.

The Court **DENIES** the Plaintiffs' Motion to remand.

**IT IS SO ORDERED.**

                                                        s/Victoria A. Roberts
                                                        **Victoria A. Roberts**
                                                        **United States District Judge**

**Dated:  January 26, 2006**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 26, 2006.**
>
> **s/Linda Vertriest**
> **Deputy Clerk**